**LAW OFFICES OF**
**O'KEKE & ASSOCIATES, P.C.**
255 LIVINGSTON STREET, 3rd FL.
BROOKLYN NY, 11217
PHONE: (718) 855-9595
Attorneys for plaintiff

```
------------------------------------X-----------------------------
RAKIM CORRY                          :UNITED STATE DISTRICT COURT
              Plaintiff,             :EASTERN DISTRICT OF NEW YORK
                                     :
                                     :   CASE No.:09 CV 2840
    against                          :
                                     :   CIVIL ACTION
                                     :
THE CITY OF NEW YORK,                :   AMENDED COMPLAINT
P.O DAVID DONIS (Shield NO# 27484)   :   PLAINTIFF DEMANDS
P.O. ROBERT MANZI.                   :   TRIAL BY JURY
                                     :
              Defendant(s).          :   (ENV)(RML)
------------------------------------X-----------------------------
```

TAKE NOTICE, the Plaintiff, RAKIM CORRY, hereby appears in this action by his attorney, Patrick O'keke Esq., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, RAKIM CORRY, by his attorney, Patrick O'keke Esq., complaining of the defendants, The City of New York, Police Officers DAVID DONIS (Shield NO# 27484), and ROBERT MANZI" collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.  This is an action to further seek compensation for the serious and permanent personal injuries sustained by the

plaintiff, as a result of the excessive force and negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## **JURISDICTION**

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## **PARTIES**

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendant P.O. DAVID DONIS (shield no#27484) and P.O.ROBERT MANZI; at all times relevant to this action were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

# FACTUAL ALLEGATIONS
# COMMON TO ALL CAUSES OF ACTION

9.  On or about February 21, 2009 at approximately 5.00 am police officers David Donis and Robert Manzi, all employed by the New York City Police Department and assigned to the 75th precinct, arrested the plaintiff without probable cause and/or justification, and falsely charged him with "Resisting Arrest".

10. Prior to and after affecting the illegal arrest against the plaintiff, plaintiff was walking home, when defendant P.O. Donnis and Manzi jumped out of a car and approached him. One of the officers, immediately grabbed his jacket and ripped it, and then grabbed plaintiff again by the shoulders, dragged plaintiff to the street and then violently slammed plaintiff on the hard floor, face down. When plaintiff attempted to look back and tried to enquire as to what was going on. One of the defendant officers repeatedly slammed plaintiff's head to the floor and then applied knee pressure to the back of plaintiff's head, causing plaintiff to sustain various lacerations to his face. Plaintiff's hand was then pulled up and his wrist bent so far back, causing plaintiff to suffer severe pain in his hands and wrist. Plaintiff also sustained lacerations to his wrist from where one of the defendant officers had either cut it or scratched it intentionally. The Plaintiff was then placed in the rear seat of the police car and transported to the 75th precinct, where he was pedigreed and placed in a holding cell with his handcuffs on.

11. That immediately on reaching the precinct, the plaintiff requested for medical treatment but was refused. Plaintiff made numerous further requests for medical assistance but was still refused and ignored. After several hours of being detained at the 75th precinct, the plaintiff was transported to Criminal Court Central Booking Division where he was then placed in a holding pen with several other arrestees. The following day, the plaintiff was brought before a judge of the criminal court, that's when he was informed that he had been arrested for resisting arrest. The case was then adjourned in contemplation of a dismissal. Plaintiff was never given any explanation of why he had been arrested and or beaten up by the defendant

officers.

12. That plaintiff was not allowed to make any phone calls or contact anyone during the entire time he was detained. The charge against the plaintiff was adjourned contemplating dismissal pursuant to New York Criminal Procedural Law.

13. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiff, charge, use excessive force to assault and incarcerate plaintiff just to intimidate plaintiff.

14. That at no time during the arrest was plaintiff read his Miranda rights or provided with the medical service he repeatedly requested.

15. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff act in any way which justified the brutal and unlawful actions of the police.

16. As a direct and proximate result of defendants' actions, plaintiffs suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of his body some or all of which may be permanent. Plaintiff was forced to endure severe humiliation directed at him by friends and members of his community as a result of this arrest and prosecution.

17. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

18. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

19. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of this attack, he continues to suffer from nightmares, is fearful

of going outside and when he sees the police, he suffers from disturbing emotional attacks, in addition, he has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

20. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

21. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

22. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

24. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force, abuse of process, and the right to due process.

25. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

26. The actions of defendants were malicious, unlawful and directed at depriving the plaintiff of his constitutional

of going outside, and when he sees the police, he suffers from disturbing emotional attacks, in addition, he has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

20. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

21. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

22. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

24. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force, abuse of process, and the right to due process.

25. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

26. The actions of defendants were malicious, unlawful and directed at depriving the plaintiff of his constitutional

rights.

27. This action has been commenced within One year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

28. Plaintiffs hereby restates paragraphs 1-27 of this complaint, as though fully set forth below

29. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants' Officers, deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

30. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

31. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

Assault, Battery and Excessive Force--all Defendants

33. Plaintiff hereby restates paragraph 1-32 of this complaint, as though fully set forth below

34. In using excessive force, physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

35. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

36. Plaintiffs hereby restates paragraph 1-35 of this complaint, as though fully set forth below

37. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

38. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

39. At all relevant times, the Officers Defendants acted with excessive force in apprehending, detailing, and imprisoning the Plaintiff.

40. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

41. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

42. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

43. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

44. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FOURTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

46. The Plaintiffs hereby restates paragraph 1-45 of this complaint, as though fully set forth below.

47. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

48. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

49. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondent superior.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

51. Plaintiff hereby restates paragraph 1-50 of this Complaint, as though fully set forth below.

52. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

53. Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

54. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

55. Upon information and belief, Defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

56. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in

3.  On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4.  On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5.  On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

6.  Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: December 9, 2009
Brooklyn, New York

Respectfully Submitted

By: Patrick Ike O'keke Esq. [PO-2861]
255 Livingston Street
Brooklyn, New York 11217
Tel. No. : (718) 855-9595
Fax No. : (718) 855-9494

TO: Michael A. Cardozo
**Attn.: Kathleen Naughton, Esq.**
Special Assistant Corporation Counsel
100 Church Street
New York, NY 10007.

Civil Case Number: 09 CV 2840               Attorney: PATRICK O'KEKE [2861]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**           **(ENV)(RML)**

---

RAKIM CORRY

                                                          Plaintiff(s),

    against

THE CITY OF NEW YORK, P.O DAVID DONIS (Shield NO# 27484) and P.O. ROBERT MANZI.

                                                        Defendant(s).

---

## AMENDED SUMMONS & COMPLAINT
## TRIAL BY JURY DEMANDED

---

**PATRICK O'KEKE ESQ.**
255 LIVINGSTON STREET 4TH FLOOR BROOKLYN NY, 11217
PHONE: (718) 855-9595   FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:

Defendants/Attorney(s) For Defendants.

---

      Service of a copy of the within is hereby admitted

                      Dated:_____

           Attorney(S) For:_____